T.C. Memo. 1996-23


UNITED STATES TAX COURT


COOPER RIVER OFFICE BUILDING ASSOCIATES, MANAGEMENT OF
COOPER RIVER, INC., TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24016-87.          Filed January 24, 1996.


<u>Mervin M. Wilf</u>, for petitioner.

<u>Carol-Lynn Moran</u>, for respondent.


MEMORANDUM OPINION


SWIFT, <u>Judge</u>:  This matter is before us on Cooper River Office Building Associates' (the Partnership's) motion to vacate decision.

All Rule references are to the Tax Court Rules of Practice and Procedure.

On January 21, 1994, pursuant to our two opinions in <u>Levy v. Commissioner</u>, 92 T.C. 1360 (1989), and T.C. Memo. 1991-646, involving 1980, 1981, and 1982, respondent filed a motion for entry of decision in the instant case involving 1983 and 1984. On April 19, 1994, we granted respondent's motion and entered a decision herein.

In a timely filed motion to vacate, petitioner alleges that, based on the above-cited opinions, the appropriate interest deductions that should have been used herein in the Rule 155 computation to calculate the Partnership's 1983 and 1984 income were grossly understated.

Respondent objects to petitioner's motion to vacate. Respondent asserts that the Rule 155 computation correctly reflects allowable interest deductions and the monthly payments of $43,725 that the Partnership made beginning on August 1, 1980, with respect to a nonrecourse, long-term promissory note. Under the promissory note, the entire amount of each $43,725 monthly payment was identified as interest. However, under respondent's calculation, which was adopted and reflected in the decision document that was entered in this case (as well as in the decision document that was entered in <u>Levy v. Commissioner</u>, T.C. Memo. 1991-646, with regard to 1980, 1981, and 1982), a portion of each monthly payment was allocated to principal.

In <u>Levy v. Commissioner</u>, 92 T.C. at 1360, we sustained for 1980, 1981, and 1982, respondent's disallowance of the use by the

Partnership of the Rule-of-78's to calculate the accrual of interest with respect to the Partnership's indebtedness on the promissory note. We concluded that the Partnership was required to calculate the accrual of interest using the economic accrual of interest.

In Levy v. Commissioner, T.C. Memo. 1991-646, we concluded further that only $2,370,000, or approximately 50 percent, of the $4,770,000 stated principal amount of the above-referred-to promissory note reflected genuine indebtedness that would be recognized for Federal income tax purposes. We explained as follows:

> Accordingly, after the cash downpayment paid by * * * [the Partnership] in the amount of $530,000 is recognized, the mortgage note indebtedness of * * * [the Partnership] is treated as having economic substance only to the extent of $2,370,000 ($2.9 million less $530,000). Interest deductions are allowed to * * * [the Partnership] only to the extent they relate to the portion of the mortgage note indebtedness that is recognized herein and only on the basis of the economic accrual of interest.

In light of the above holding and conclusion, respondent allowed as an interest deduction only that portion of each $43,725 monthly payment that properly represents interest relating to the $2,370,000 principal portion of the $4,770,000 stated indebtedness on the promissory note that was recognized for Federal income tax purposes. Because the monthly payments of $43,725 actually exceed the allowable interest deduction

calculated under the economic accrual method, respondent treated the portion of each monthly payment that does not represent allowable interest as a repayment of principal.

Respondent's calculation thus reduces or amortizes each month the principal portion of the Partnership's indebtedness on the promissory note that is to be recognized for Federal income tax purposes. Under such calculation, the allowable interest deduction for each succeeding month is also reduced, and the full $2,370,000 principal portion of the Partnership's indebtedness that is to be recognized for Federal income tax purposes will be treated as paid off in just over 6 years.

Petitioner argues that because the Court in the first of the above Levy opinions, 92 T.C. at 1365, sets forth a schedule of the precise amount of the interest deductions allowable under the economic accrual method (based on the Partnership's total stated indebtedness on the promissory note of $4,770,000) and because the Court in the second of the above Levy opinions, T.C. Memo. 1991-646, recognized for Federal income tax purposes approximately one-half or $2,370,000 of the $4,770,000 stated principal on the indebtedness, petitioner should now be allowed to treat the same percentage, or one-half, of each monthly $43,725 payment (namely, $21,862) as interest properly accruable under the economic accrual method and to disregard the balance of each monthly payment for purposes of calculating, for subsequent

months and years, the principal balance due on the indebtedness and the proper accrued interest deduction thereon.

Petitioner emphasizes the following points: (1) That under the express terms of the Partnership's promissory note, the monthly payments of $43,725 were to represent "interest" only; (2) that the Partnership's total stated principal indebtedness on the promissory note of $4,770,000 was to remain outstanding for the initial 17-year term of the promissory note and was to be refinanced at the end of 17 years with a new 20-year promissory note that would then be amortized over the next 20 years with payments of principal and interest; (3) that the enforceability under State law of the terms of the initial 17-year promissory note is not affected by our disregard, solely for Federal income tax purposes, of a portion of the principal amount of the Partnership's indebtedness; and (4) that to apply to principal the portion of each $43,725 monthly payment that is not accruable as interest (under the economic accrual method of calculating interest) would represent an impermissible disregard of the interest-only feature of the Partnership's monthly payments during the initial 17-year term of the promissory note and would represent an impermissible rewrite by the Court of the Partnership's indebtedness to a term of just over 6 years.

The following language from petitioner's memorandum in support of the instant motion elaborates further on petitioner's position --

the respondent has rewritten the mortgage obligation to suit her convenience. It is axiomatic that state law is to be applied in determining whether an obligation is legally enforceable between the parties to the contract. This doesn't mean, of course, that state law will control the federal income tax consequences of a particular obligation, but what it does mean is that the federal tax laws cannot change that obligation. Respondent apparently believes that, because 50% of the interest payments are deductible, the remaining 50% of the interest payments made to the mortgagee are really principal payments.

There is no suggestion that the partnership's mortgage note was unenforceable under state law. It was a valid mortgage in which interest payments were due according to its terms -- a 37 year period, 11% interest and interest only for the first 17-year period. The mortgage also provided for amortization of principal, but beginning after the 17th year of the mortgage term.

* * * * * * *

In the instant case, * * * the payments of interest to the mortgagee cannot be transformed into a payment of principal. [Citations omitted.]

In summary, under petitioner's calculation, the $2,370,000 principal indebtedness on the Partnership's promissory note that is to be recognized herein would not be amortized. That $2,370,000 principal indebtedness would remain the same throughout 1983 and 1984, and throughout the entire 17-year initial term of the indebtedness. Therefore, under petitioner's calculation, the proper interest deduction allowable for 1983 and 1984 (and for each of the other 17 years of the initial term of

the Partnership's indebtedness) using the economic accrual of interest would be the same (namely, $262,344 each year).[1]

Set forth below, in schedule format, is respondent's calculation for 1980 through 1985 of the proper monthly economic accrual of interest on the $2,370,000 principal portion of the Partnership's stated indebtedness that is to be recognized in this case, taking into account the fact that each monthly payment of $43,725 exceeds the proper economic accrual of interest and treating the portion of each monthly payment that does not qualify as interest as a repayment of principal:

| Payment For | Amount of Monthly Payment | Portion of Monthly Payment Allocated to Interest | Portion of Monthly Payment Allocated to Principal | Balance Due on Principal |
|---|---|---|---|---|
| 1980 | | | | |
| August | $ 43,725 | $ 21,725 | $ 22,000 | $2,348,000 |
| September | 43,725 | 21,523 | 22,202 | 2,325,798 |
| October | 43,725 | 21,320 | 22,405 | 2,303,393 |
| November | 43,725 | 21,114 | 22,611 | 2,280,783 |
| December | 43,725 | 20,907 | 22,818 | 2,257,965 |
| 1980 Total | $218,625 | $106,589 | $112,036 | |
| 1981 | | | | |
| January | $ 43,725 | $ 20,698 | $ 23,027 | $2,234,938 |
| February | 43,725 | 20,487 | 23,238 | 2,211,700 |
| March | 43,725 | 20,274 | 23,451 | 2,188,249 |
| April | 43,725 | 20,059 | 23,666 | 2,164,583 |
| May | 43,725 | 19,842 | 23,883 | 2,140,700 |
| June | 43,725 | 19,623 | 24,102 | 2,116,598 |
| July | 43,725 | 19,402 | 24,323 | 2,092,275 |
| August | 43,725 | 19,179 | 24,546 | 2,067,729 |
| September | 43,725 | 18,954 | 24,771 | 2,042,958 |
| October | 43,725 | 18,727 | 24,998 | 2,017,960 |
| November | 43,725 | 18,498 | 25,227 | 1,992,733 |
| December | 43,725 | 18,267 | 25,458 | 1,967,275 |
| 1981 Total | $524,700 | $234,010 | $290,690 | |

---

[1]   Twelve months times monthly interest of $21,862 (one-half of each monthly payment of $43,725) equals $262,344.

1982

| | | | |
|---|---|---|---|
| January | $ 43,725 | $ 18,033 | $ 25,692 | $1,941,583 |
| February | 43,725 | 17,798 | 25,927 | 1,915,656 |
| March | 43,725 | 17,560 | 26,165 | 1,889,491 |
| April | 43,725 | 17,320 | 26,405 | 1,863,087 |
| May | 43,725 | 17,078 | 26,647 | 1,836,440 |
| June | 43,725 | 16,834 | 26,891 | 1,809,549 |
| July | 43,725 | 16,588 | 27,137 | 1,782,412 |
| August | 43,725 | 16,339 | 27,386 | 1,755,025 |
| September | 43,725 | 16,088 | 27,637 | 1,727,388 |
| October | 43,725 | 15,834 | 27,891 | 1,699,497 |
| November | 43,725 | 15,579 | 28,146 | 1,671,351 |
| December | 43,725 | 15,321 | 28,404 | 1,642,945 |
| 1982 Total | $524,700 | $200,372 | $324,328 | |

| Payment For | Amount of Monthly Payment | Portion of Monthly Payment Allocated to Interest | Portion of Monthly Payment Allocated to Principal | Balance Due on Principal |
|---|---|---|---|---|
| **1983** | | | | |
| January | $ 43,725 | $ 15,060 | $ 28,665 | $1,614,282 |
| February | 43,725 | 14,798 | 28,927 | 1,585,355 |
| March | 43,725 | 14,532 | 29,193 | 1,556,162 |
| April | 43,725 | 14,265 | 29,460 | 1,526,702 |
| May | 43,725 | 13,995 | 29,730 | 1,496,972 |
| June | 43,725 | 13,722 | 30,003 | 1,466,969 |
| July | 43,725 | 13,447 | 30,278 | 1,436,691 |
| August | 43,725 | 13,170 | 30,555 | 1,406,136 |
| September | 43,725 | 12,890 | 30,835 | 1,375,301 |
| October | 43,725 | 12,607 | 31,118 | 1,344,182 |
| November | 43,725 | 12,322 | 31,403 | 1,312,779 |
| December | 43,725 | 12,034 | 31,691 | 1,281,088 |
| 1983 Total | $524,700 | $162,842 | $361,858 | |
| **1984** | | | | |
| January | $ 43,725 | $ 11,743 | $ 31,982 | $1,249,106 |
| February | 43,725 | 11,450 | 32,275 | 1,216,831 |
| March | 43,725 | 11,154 | 32,571 | 1,184,261 |
| April | 43,725 | 10,856 | 32,869 | 1,151,391 |
| May | 43,725 | 10,554 | 33,171 | 1,118,221 |
| June | 43,725 | 10,250 | 33,475 | 1,084,746 |
| July | 43,725 | 9,944 | 33,781 | 1,050,965 |
| August | 43,725 | 9,634 | 34,091 | 1,016,874 |
| September | 43,725 | 9,321 | 34,404 | 982,470 |
| October | 43,725 | 9,006 | 34,719 | 947,751 |
| November | 43,725 | 8,688 | 35,037 | 912,714 |
| December | 43,725 | 8,367 | 35,358 | 877,355 |
| 1984 Total | $524,700 | $120,967 | $403,733 | |

1985

| | | | | |
|---|---|---|---|---|
| January | $ 43,725 | $ 8,042 | $ 35,683 | $841,673 |
| February | 43,725 | 7,715 | 36,010 | 805,663 |
| March | 43,725 | 7,385 | 36,340 | 769,323 |
| April | 43,725 | 7,052 | 36,673 | 732,650 |
| May | 43,725 | 6,716 | 37,009 | 695,641 |
| June | 43,725 | 6,377 | 37,348 | 658,293 |
| July | 43,725 | 6,035 | 37,691 | 620,602 |
| August | 43,725 | 5,689 | 38,036 | 582,566 |
| September | 43,725 | 5,340 | 38,385 | 544,181 |
| October | 43,725 | 4,988 | 38,737 | 505,445 |
| November | 43,725 | 4,633 | 39,092 | 466,353 |
| December | 43,725 | 4,275 | 39,450 | 426,903 |
| 1985 Total | $524,700 | $74,246 | $450,454 | |

A number of cases have held that even though an underlying transaction or stated indebtedness is held to be a sham, devoid of economic substance, and based on an inflated purchase price, recourse indebtedness associated with the transaction may still be regarded as genuine and related interest expense may still be deductible. See, e.g., Rice's Toyota World, Inc. v. Commissioner, 752 F.2d 89, 95-96 (4th Cir. 1985), affg. in part, revg. in part, and remanding 81 T.C. 184 (1983); Coleman v. Commissioner, 87 T.C. 178, 213 (1986), affd. without published opinion 833 F.2d 303 (3d Cir. 1987). Where, however, stated indebtedness associated with such a sham transaction represents nonrecourse indebtedness, the cases are consistent in disallowing claimed interest deductions relating to the nonrecourse indebtedness. See, e.g., Jacobson v. Commissioner, 915 F.2d 832 (2d Cir. 1990), affg. in part, revg. in part, and remanding in part T.C. Memo. 1988-341; Polakof v. Commissioner, 820 F.2d 321, 324 (9th Cir. 1987), affg. per curiam T.C. Memo. 1985-197; Hulter

v. Commissioner, 91 T.C. 371, 392 (1988); Coleman v. Commissioner, supra at 209-210.

The issue presented to us in petitioner's instant motion, however, involves a slightly different issue -- namely, once actual payments (or portions thereof) are disallowed as "interest", should such payments be treated as repayments of the principal portion of the stated indebtedness that is to be recognized for Federal income tax purposes and thereby reduce the interest allowable in subsequent periods.

We have found limited but helpful authority on this issue. In Bizub v. Commissioner, T.C. Memo. 1983-280, payments of $58,500 designated as "prepaid" interest were made with respect to stated principal on an inflated, nonrecourse indebtedness. Claimed interest deductions relating to payments of "prepaid" interest were disallowed, and the payments were treated as repayments of principal. See also Siegel v. Commissioner, 78 T.C. 659, 687 n.5 (1982).

In Prussin v. Commissioner, T.C. Memo. 1990-287, on remand from the Third Circuit (Pleasant Summit Land Corp. v. Commissioner, 863 F.2d 263 (3d Cir. 1988), affg. in part and revg. in part T.C. Memo. 1987-469), nonrecourse indebtedness associated with the purchase of an apartment building was treated as genuine indebtedness to the extent only of the fair market value of the building. The taxpayers therein argued that the interest deduction that should be allowed should be calculated by

applying to the amount of interest originally claimed the percentage of the stated principal amount of the indebtedness that was to be recognized for tax purposes. This is essentially the same percentage-formula argument that petitioner herein makes with regard to the calculation of the economic accrual of interest on the principal portion of the Partnership's indebtedness that is to be recognized.

In Prussin v. Commissioner, supra, we rejected the taxpayers' use of a simple percentage formula to calculate the proper interest deduction on the portion of the taxpayers' indebtedness that was to be recognized. Instead, disregarding the terms of various loan documents, which required lump-sum payments of interest only, we looked to the economic reality of the transaction and applied an "effective economic interest rate" of 9 percent.

Having considered the arguments of the parties and the above authorities, we agree with respondent. The schedule in Levy v. Commissioner, 92 T.C. at 1360, setting forth the economic accrual of interest was intended as illustrative and was based on the total stated purchase price for the buildings involved in this case and the $4,770,000 total stated principal indebtedness on the Partnership's promissory note. That opinion only involved the use of the Rule-of-78's method of accruing interest versus the economic accrual method of accruing interest on long-term indebtedness. The value of the buildings and the genuineness of

the Partnership's indebtedness were not involved in that opinion. Petitioner's reliance on the schedule set forth in Levy v. Commissioner, 92 T.C. at 1365, is misplaced.

As a result of the reduction to $2,370,000 of the portion of the Partnership's total stated indebtedness that is to be recognized for Federal income tax purposes (see Levy v. Commissioner, T.C. Memo. 1991-646), the Partnership's monthly payments of $43,725 exceeded the allowable monthly interest expense, and a considerable portion or excess of each monthly payment remained to reduce principal. We believe that, for Federal income tax purposes, those excess funds cannot be ignored. They were paid by the Partnership, and they must be considered as either interest or as repayments of principal.

Under the economic accrual method of calculating interest expense, the interest attributable to the use of money for a period between payments is determined by applying the effective rate of interest on the loan to the "unpaid balance" of the loan for that period. See Rev. Rul. 83-84, 1983-1 C.B. 97, 98. Because the Partnership's monthly payments exceeded the allowable interest expense, the excess of each payment properly is to be regarded as a repayment of a portion of the principal.

Accordingly, the portion of each monthly $43,725 payment in excess of allowable interest (calculated under the economic accrual method and on only the $2,370,000 portion of the Partnership's stated indebtedness that is to be recognized) must

be treated as a repayment of principal and applied, for Federal income tax purposes, to reduce the $2,370,000 outstanding principal balance on the Partnership's indebtedness.  Any contrary treatment of the portion of each monthly $43,725 payment in excess of allowable interest would produce a result contrary to the economic substance of the indebtedness before us.

In our prior memorandum opinion in Levy v. Commissioner, T.C. Memo. 1991-646, we disregarded the express terms of the promissory note, and we based our decision on what constituted the economic substance and reality of the transaction.  We see no reason to depart from that approach at this time.  The Partnership made monthly $43,725 payments to the creditor, only a portion of which represents properly accrued interest expense. The excess of the monthly $43,725 payments by the Partnership to the creditor should be applied to the $2,370,000 principal portion of the Partnership's stated indebtedness that is to be recognized for Federal income tax purposes, and such $2,370,000 is to be treated as amortized until paid off.

For the reasons stated, we shall deny petitioner's motion to vacate decision.

An appropriate order

will be issued.